IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERICA A. TAMBURIN, individually
and as guardian, mother and
next friend of R.R., a minor,

     Plaintiffs,

v.                                Civil Action No. 5:12CV79
                                              (STAMP)

CANDY F. HAWKINS,
CABELA'S WHOLESALE, INC.,
a foreign corporation,
a/k/a CABELA'S CATALOG, INC.,
a/k/a CABELA'S.COM, INC. and
JOHN DOE, a corporation and/or
business and/or governmental entity,

     Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND**

I.  Background

The plaintiffs, both residents of Ohio County, West Virginia, filed this civil action in the Circuit Court of Ohio County, West Virginia seeking damages due to alleged injuries suffered by both plaintiffs in an automobile accident.  Defendant Candy F. Hawkins ("Hawkins") filed a timely notice of removal and removed this civil action to this Court on the basis of diversity jurisdiction pursuant to 29 U.S.C. §§ 1332(a) and 1441(a).

In support of her claim of diversity jurisdiction, defendant Hawkins asserts that the amount in controversy of $75,000.00, exclusive of interest and costs, is satisfied as evidenced by requests for admission served upon the defendants by the plaintiffs which ask the defendants to admit that the plaintiffs have been

injured in excess of $75,000.00, and that complete diversity exists.[1]

In response, the plaintiffs filed a motion to remand, wherein they ask this Court to remand this civil action to the Circuit Court of Ohio County because the defendant Hawkins has failed to show that the amount in controversy has been satisfied. Defendant Hawkins responded to the plaintiffs' motion for remand. Defendant Cabela's Wholesale, Inc. ("Cabela's") did not respond, and the plaintiffs filed no reply to defendant Hawkins' response. For the reasons that follow, this Court will grant the plaintiffs' motion to remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc.,

---

[1]It seems to be agreed that complete diversity exists in this case. The plaintiffs are residents of West Virginia, defendant Hawkins is a resident of Pennsylvania, and defendant Cabela's Wholesale, Inc. is a Delaware corporation with its principal place of business in Nebraska.

29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy.  Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).  When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record.  14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998).  However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed.  Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III.  Discussion

A.  Timeliness of motion for remand

Initially, defendant Hawkins asks this Court to deny the plaintiffs' motion for remand as untimely filed 40 days after removal of this civil action to this Court.  In support of this argument, defendant Hawkins cites 28 U.S.C. § 1447, which provides for procedure following removal generally, and argues that under

§ 1447(c), all motions for remand must be filed "within 30 days after the filing of the notice of removal." This Court finds that defendant Hawkins' arguments as to the timeliness of the plaintiffs' motion for remand are misplaced and unfounded.

Motions challenging removal can be premised on two different justifications for remand (1) a lack of subject matter jurisdiction and (2) a procedural removal defect outside of a lack of subject matter jurisdiction. See <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008). Under 28 U.S.C. § 1447(c), all motions asking for remand "on the basis of any defect <u>other than lack of subject matter jurisdiction</u> must be made within 30 days after the filing of the notice of removal." (emphasis added). However, motions seeking remand based upon a lack of subject matter may be filed at any time prior to final judgment in the case. 28 U.S.C. § 1447(c). The plaintiffs here argue in their motion for remand that the defendants have not made the requisite showing that the amount in controversy is satisfied. The amount in controversy is an integral part of diversity jurisdiction. See 28 U.S.C. § 1332(a). Accordingly, the plaintiffs assert that this Court lacks subject matter jurisdiction, and the 30-day limitation set forth in § 1447 is not applicable to the plaintiffs' motion for remand.

B.   <u>Amount in controversy</u>

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with

4

the party seeking removal.  <u>Mulcahey</u>, 29 F.3d at 151.  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  <u>Mullins</u>, 861 F. Supp. at 23.  In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  <u>Id.</u>

Defendant Hawkins asserts that she has met her burden of proving that the requisite amount in controversy exists in this case.  Defendant Hawkins' main assertion in this regard is based upon requests for admission given to defendant Hawkins by the plaintiffs prior to removal.  In these requests for admission, the plaintiffs ask defendant Hawkins to make a number of admissions which would result in the defendants' acknowledgment that the plaintiffs are entitled to $450,000.00 in damages.  The defendants assert that these requests for admission serve as sufficient evidence that the plaintiffs contemplate that the amount in controversy in this civil action is well over the $75,000.00 required for federal jurisdiction.

On the contrary, the plaintiffs maintain that defendant Hawkins has presented no evidence to show, by a preponderance of the evidence, that the amount in controversy is satisfied in this

case.  They point out that no settlement demands or offers in excess of the $75,000.00 have been made in this case.  Further, the plaintiffs note that, in response to their requests for admission, defendant Hawkins denied that the plaintiffs suffered damages in an amount in equal to or in excess of the jurisdictional amount.

After review of the pleadings, as well as the entire record in this case, this Court agrees with the plaintiffs that defendant Hawkins has failed to satisfy her burden with regard to the amount in controversy.  As the plaintiffs note, in cases where the complaint does not set forth any specific amount of damages sought, as is the case here, the defendants must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice.  See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (Finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").  The defendants have failed to present any such evidence.

The only evidence presented by defendant Hawkins as to the amount in controversy is the requests for admission offered by the plaintiffs, which ask the defendant to admit that damages have been suffered in excess of the jurisdictional amount.  However, defendant Hawkins denied these requests and made no such admissions.  Accordingly, defendant Hawkins relies on nothing more than speculative and conclusory logical jumps that, because the

6

plaintiffs asked the defendant to admit damages over a certain amount, the plaintiffs must be seeking at least that much. There has been no evidence presented of the actual value of the plaintiffs' claims, nor any statement by the plaintiffs which could be said to serve as evidence of their own valuation of their claims. Speculation regarding the amount in controversy is insufficient to avoid remand. <u>See</u> <u>McWha v. Otway</u>, 5:06cv164, 2007 U.S. Dist. LEXIS 60246 (N.D. W. Va. Aug. 15, 2007). Accordingly, defendant Hawkins has failed to meet her burden, and this matter must thus be remanded to the Circuit Court of Ohio County.

IV.   <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to remand is GRANTED. Accordingly, this matter is hereby REMANDED to the Circuit Court of Ohio County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 13, 2013


<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE